**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARITZA CELESTE PEREZ-LOPEZ; et al.,<br><br>Petitioners,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.  18-71631<br>19-73300<br><br>Agency Nos.  A206-886-030<br>A206-886-031<br>A206-886-032<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021**
San Francisco, California

Before:  SILER,*** IKUTA, and NGUYEN, Circuit Judges.

Maritza Perez-Lopez ("Perez-Lopez") and her two minor children petition to

review the Board of Immigration Appeals' ("BIA") final removal order and denial

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of a motion to reopen and terminate proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition regarding the removal order, because the BIA's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") is supported by substantial evidence. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (explaining the standard of review). We also deny the petition regarding the motion to reopen, because Perez-Lopez failed to exhaust her administrative remedies by neglecting to raise her argument in her appeal to the BIA.

1.     Perez-Lopez claims that she is entitled to asylum and withholding of removal as she cannot return to Guatemala "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group." *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A).

To establish eligibility for asylum based on past persecution, "an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000).

Perez-Lopez claims that she was persecuted on account of her membership in a particular social group: single female Guatemalan business owners whose partners are in the United States. Even so, the BIA's conclusion that Perez-Lopez failed to

2

establish a nexus between her membership and any past persecution is supported by substantial evidence.[1] *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) ("[A petitioner] must establish that any persecution was or will be *on account of* his membership in such group.").

Perez-Lopez received a series of anonymous extortion demands over the telephone. She points to the caller's references to her small business and husband's presence in the United States to show that she was targeted because of her particular social group. The BIA reasonably concluded that economic motives drove the caller's threats, as the comments were made in the context that Perez-Lopez had the ability to meet the demands. There is also evidence that suggests the threats constituted an indiscriminate act of violence, motivated by financial gain. Persecution on account of economic reasons is not a protected ground for asylum.[2]

2. Next, Perez-Lopez argues that the agency failed to conduct a proper analysis in determining whether she is eligible for CAT relief. An applicant must establish: (1) it is more likely than not she will suffer harm severe enough to constitute torture; and (2) the torture would occur at the hands of a government official, or with the

---

[1] The BIA declined to address whether Perez-Lopez's proposed social group was cognizable. Instead, it dismissed her appeal on the ground that she failed to establish a sufficient nexus between the alleged harm and her membership in the proffered group. Thus, our review is limited to the nexus issue. *See Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1110 (9th Cir. 2011) ("[W]e cannot deny a petition for review on a ground that the BIA itself did not base its decision.").

[2] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

acquiescence of a government official. 8 C.F.R. § 1208.16-18. The agency must consider "all evidence bearing on the likelihood of future torture . . . , including but not limited to past torture, possibility of safe relocation, country evidence of flagrant human rights violations, and other evidence regarding country conditions." *Barajas-Romero v. Lynch*, 846 F.3d 351, 364 (9th Cir. 2017) (citing 8 C.F.R. § 1208.16).

When it is apparent that the BIA's analysis "did not consider all of the evidence before it"—for example, if the agency "misstat[es] the record [or] fail[s] to mention highly probative or potentially dispositive evidence"—we generally remand for the BIA to reconsider its denial, taking into account the specific evidence presented. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2020). Here, it is true that the agency failed to assert that it had considered evidence of petitioners' inability to relocate within Guatemala or country conditions. However, it is not apparent that this evidence is potentially dispositive.

First, Perez-Lopez made no indication of an individualized risk of torture. Generalized evidence of violence and crime not particular to the applicant is insufficient to show a particularized threat of torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Perez-Lopez has not identified any country conditions that suggest she would be at risk more than other Guatemalan women. Thus, there is insufficient evidence to establish that she would be subject to a particularized threat of torture if removed.

Second, substantial evidence supports the BIA's determination that Perez-Lopez failed to show Guatemalan authorities would acquiesce to her torture. "[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Perez-Lopez cannot identify the person who threatened her. Thus, it is unclear who played a role.

3. As a final matter, we do not reach the merits of Perez-Lopez's arguments regarding her motion to reopen for lack of immigration court jurisdiction based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In her brief to the BIA, she failed to exhaust her argument that the Notice to Appear did not include the address of the court where the charging documents were filed. *See* 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

The petitions for review are DENIED.